IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

A.D. HOME HEALTH CARE,                :

    Plaintiff,                :

                                       Case No. 1:04cv464

    vs.                         :

                             JUDGE WALTER HERBERT RICE

MICHAEL LEAVITT, SECRETARY        :
OF DEPARTMENT OF HEALTH AND    :
HUMAN SERVICES, et al.,            :

    Defendants.                :

DECISION AND ENTRY OVERRULING DEFENDANTS' FIRST MOTION
TO DISMISS (DOC. #10), TREATED AS A MOTION FOR SUMMARY
JUDGMENT, ON EXPRESS CONDITION; DECISION AND ENTRY
SUSTAINING DEFENDANTS' SECOND MOTION TO DISMISS
(DOC. #16)

     The Plaintiff brings this litigation, challenging a decision that it is not entitled to reimbursement for the home health care services it had provided to a beneficiary of Medicare. The Plaintiff brings this action against Michael Leavitt ("Leavitt"), Secretary of the Department of Health and Human Services;[1] the Administrator of the Centers for Medicare and Medicaid Services ("CMS"); and two private entities, which are Medicare intermediaries that were involved in the

---

[1] When this litigation was initiated, Tommy Thompson was the Secretary of Health and Human Services. Leavitt has been substituted for Thompson, in accordance with Rule 25(d) of the Federal Rules of Civil Procedure.

determination that Plaintiff was not entitled to reimbursement.  This case is now before the Court on the Defendants' First and Second Motions to Dismiss.  See Docs. ##10 and 16.  As a means of analysis, the Court rules upon those motions in the order in which they were filed.

I.  Defendants' First Motion to Dismiss (Doc. #10)

With this motion, the Defendants argue that the Court should dismiss the Plaintiff's Complaint, because it is barred by the applicable statute of limitations, 42 U.S.C. § 405(g).  Since the parties have presented evidence in support of and in opposition to the instant motion, the Court treats it as one for summary judgment (see Fed. R. Civ. P. 12(b)), and begins its analysis by setting forth the standards which are applicable to all motions for summary judgment.[2]

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Of course, the moving party:

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Id. at 323.  See also Boretti v. Wiscomb, 930 F.2d 1150, 1156 (6th Cir. 1991) (The moving party has the "burden of showing that the pleadings, depositions,

---

[2]The Supreme Court has held that the statute of limitations set forth in § 405(g) is subject to equitable tolling, rather than being jurisdictional.  Bowen v. City of New York, 476 U.S. 467.

answers to interrogatories, admissions and affidavits in the record, construed favorably to the nonmoving party, do not raise a genuine issue of material fact for trial.") (quoting Gutierrez v. Lynch, 826 F.2d 1534, 1536 (6th Cir. 1987)).  The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56(e)).  Thus, "[o]nce the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial." Talley v. Bravo Pitino Restaurant, Ltd., 61 F.3d 1241, 1245 (6th Cir. 1995).  Read together, Liberty Lobby and Celotex stand for the proposition that a party may move for summary judgment by demonstrating that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion (now known as a motion for judgment as a matter of law. Fed.R.Civ.P. 50).  Street v. J.C. Bradford & Co., 886 F.2d 1472, 1478 (6th Cir. 1989).

  Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations.  It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  See also Michigan Protection and Advocacy Service, Inc. v. Babin, 18 F.3d 337, 341 (6th Cir. 1994) ("The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff.").  Rather, Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of

evidentiary material in support of its position. Celotex Corp., 477 U.S. at 324. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment shall be denied "[i]f there are … 'genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" Hancock v. Dodson, 958 F.2d 1367, 1374 (6th Cir. 1992) (citation omitted). Of course, in determining whether a genuine issue of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all <u>reasonable</u> inferences in the favor of that party. Anderson, 477 U.S. at 255 (emphasis added). If the parties present conflicting evidence, a court may not decide which evidence to believe, by determining which parties' affiants are more credible; rather, credibility determinations must be left to the fact-finder. 10A Wright, Miller & Kane, Federal Practice and Procedure, § 2726. In ruling on a motion for summary judgment (in other words, in determining whether there is a genuine issue of material fact), "[a] district court is not … obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." Interroyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989), cert. denied, 494 U.S. 1091 (1990). See also L.S. Heath & Son, Inc. v. AT&T Information Systems, Inc., 9 F.3d 561 (7th Cir. 1993); Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 915 n. 7 (5th Cir.), cert. denied, 506 U.S. 832 (1992) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment ….").

Thus, a court is entitled to rely, in determining whether a genuine issue of material fact exists on a particular issue, only upon those portions of the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties.

The pertinent statute of limitations provides that judicial review of a final decision denying requested relief may be obtained "by a civil action commenced within sixty days after the mailing to him of notice of such decision." 42 U.S.C. § 405(g). The regulations add flesh to that temporal limitation:

> (c) Time for instituting civil action. Any civil action [seeking judicial review of a final decision denying benefits] must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c).

Herein, the Defendants have not presented evidence concerning the date upon which Plaintiff received the notice. Rather, they have submitted evidence that the date on the notice by the Appeals Counsel is May 5, 2004. Defendants argue that, in accordance with the presumption set forth in § 422.210(c), the Plaintiff is presumed to have received the notice no later than May 10, 2004. Since this litigation was not initiated until July 19, 2004, more than 60 days later, their argument continues, it is barred by the applicable statute of limitations. In response, the Plaintiff has submitted, as an exhibit to its Memorandum in

Opposition (Doc. #11), an unauthenticated document, which it has described as the envelope in which the notice was sent. That envelope bears a postmark of May 24, 2004, and has been stamped "RECEIVED MAY 26, 2004." Of course, if the notice was mailed on May 24, 2004, this litigation in not barred, because the Complaint was filed on July 19, 2004, less than 60 days thereafter. In Matsibekker v. Heckler, 738 F.2d 79 (2d Cir. 1984), the Second Circuit concluded that the plaintiff had met his burden under § 422.210(c) of making "a reasonable showing to the contrary," by submitting evidence that showed that the notice was mailed within 60 days of the date upon which the litigation had been initiated, even though the litigation was initiated more than 60 days after the date upon which the notice was presumed to have been received by § 422.210(c). If the Plaintiff is able to authenticate the copy of the envelope discussed above, there will be similar evidence before this Court.

Accordingly, the Court overrules the Defendant's First Motion to Dismiss (Doc. #10), treated as a motion for summary judgment, on the express condition that the Plaintiff submit, within 20 days from date, an affidavit authenticating the envelope, i.e., by submitting an affidavit or declaration attesting that the exhibit is a true and accurate copy of the envelope in which the notice was received. If Plaintiff fails to authenticate the exhibit, the Court will vacate this Decision and grant summary judgment to Defendants, dismissing this action as barred by the statute of limitations.

II.  Defendants' Second Motion to Dismiss (Doc. #16)

  With this motion, the Defendants argue that all Defendants, other than Leavitt, should be dismissed from this litigation, since he is the only proper Defendant in an action for judicial review of a decision to deny reimbursement for services provided to a Medicare beneficiary.  This Court agrees.  Under 42 U.S.C. § 1395ff(b), this Court is granted jurisdiction to review the Secretary's final decision.  This Court is not invested with jurisdiction by that statute to review a challenge to a decision by the Administrator of CMS or by a Medicare intermediary.  Consequently, courts have held that routinely held that the Secretary of Health and Human Services is the only proper defendant in an action such as this.  See e.g., Gundry Glass Hospital v. Shalala, 6 F. Supp.2d 466, 467 (D.Md. 1998), affirmed, 175 F.3d 1014 (4th Cir, 1999); Little Co. of Mary Hosp. & Health Care Ctrs. v. Shalala, 994 F. Supp. 950, 953 n.2 (N.D.Ill. 1998), affirmed, 165 F.3d 1162 (7th Cir. 1999).  Since this Court agrees with those decisions, it sustains Defendants' Second Motion to Dismiss (Doc. #16).  As a consequence, Leavitt is the only remaining Defendant in this litigation.

September 28, 2005

             /s/ Walter Herbert Rice
            WALTER HERBERT RICE, JUDGE
            UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.